IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| SCOTT LEWIS RENDELMAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 19-cv-712-SMY |
| B. TRUE, | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

**Yandle, District Judge:**

Petitioner Scott Lewis Rendelman, an inmate of the United States Bureau of Prisons ("BOP") currently incarcerated at Marion U.S. Penitentiary ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. On January 31, 2019, Rendelman was found guilty of possessing a dangerous weapon. (Doc. 1, pp. 10-12). As a result, Rendelman lost 41 days of good conduct credit. (*Id.* at p. 12). He seeks expungement of the disciplinary ticket (Incident Report No. 3171976) and restoration of his good conduct credit. (*Id*. at p. 8).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

1

## Background

### Incident Report and Disciplinary Hearing

On September 20, 2018, Rendelman was charged with possessing a dangerous weapon (Incident Report No. 3171976). (Doc. 1, p. 10). During the search of Rendelman's cell as part of a mass shakedown in Rendelman's unit, a sharpened metal object was located under Rendelman's cell locker. (*Id*. at p. 11). That same day at 6:30 p.m., Rendelman was provided with a copy of the incident report. The matter was referred to a disciplinary hearing officer ("DHO") for a decision and a hearing was held on October 24, 2018. (*Id*.). Rendelman was advised of his rights prior to and during the hearing. (*Id*. at pp. 10-11). He denied the charges and testified that the weapon was not his but that someone had put the weapon in his cell. (*Id*. at p. 10). In his statement to the DHO, he noted that he did not believe that the weapon was found inside his bottom locker as alleged in the Incident Report, but most likely between the bottom and top locker and fell out when the locker was lifted up during the search. (*Id*. at p. 13). He argued that he was not strong enough to lift the locker in order to hide a weapon. He waived his right to call witnesses. The DHO found Rendelman had committed the offense as charged. He was provided a written copy of the decision. (*Id*. at pp. 10-12).

In reaching its decision, the DHO considered the following evidence:

- The statement from Case Manager C. Swift, in the Incident Report, noted that during a mass shakedown of the unit, Swift moved Rendelman's cell locker in order to search behind it. While moving Rendelman's locker, the door of the bottom locker opened and a metal object approximately 13 inches long and sharpened to a point fell out of the locker.
- The locker was assigned to Rendelman, located in Rendelman's cell, and included clothing belonging to Rendleman. Rendleman had been housed in the cell since December 12, 2017.
- Photographs of the weapon confirmed C. Swift's statement that the item found was a homemade weapon.
- The DHO considered Rendleman's written statement that the weapon was left behind by a previous inmate or planted. The DHO was not convinced of Rendleman's statement as the TRUSCOPE logs noted his cell was searched six times after June 2018 and the weapon

- was not located. The DHO noted that if the weapon had been left behind by a former occupant of the cell the weapon would have been located during an earlier search.
- The DHO noted that Rendleman failed to provide any specific evidence to demonstrate that someone else planted the weapon.
- As the sole occupant of the cell, the DHO found it was Rendleman's duty and responsibility to keep his cell free of all contraband.

The DHO found that the staff member's statements regarding the discovery of the weapon were more credible than Rendleman's statements that someone else had planted the weapon, and that Rendleman failed to present evidence which demonstrated that the staff member falsified the alleged misconduct. (*Id.* at p. 11).

**Petition**

Rendleman objects to the guilty finding and contends the DHO lacked evidence to show he had knowledge of the weapon. (Doc. 1, p. 6). He notes that his cell was not locked and he was out of his cell during the day. Thus, according to Rendleman, any inmate could have placed the weapon in his cell. He also alleges that he could not have placed the weapon in his cell by himself given where the weapon was discovered; he believes it was found in a hiding spot between two stacked lockers and he is not strong enough to lift the top locker on his own. (*Id.* at p. 6).

**<u>Discussion</u>**

Disciplinary hearings that deprive an inmate of good conduct credit—and as a result, increase the inmate's period of incarceration—may serve as a basis for requesting habeas relief. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). To adhere to due process, a disciplinary decision that results in the loss of good conduct credit must provide the inmate with the following procedural safeguards: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision;

and (4) findings supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Rendleman does not allege that he was denied the first three procedural safeguards. He alleges the disciplinary decision was supported by insufficient evidence as there is "no evidence whatsoever" that the weapon belonged to him.

Due process requires that the findings of the disciplinary tribunal be supported only by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The Seventh Circuit Court of Appeals has described the "some evidence" requirement as a "meager threshold," *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007), and has emphasized that courts should not "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Instead, the "relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id.* (quoting *Hill*, 472 U.S. at 455-56 (emphasis in original)). "Even 'meager' proof will suffice as long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" *See id*. (quoting *Hill*, 472 U.S. at 457). Given this low threshold, the Petition and attached exhibits do not sustain the claim that the disputed disciplinary decision was not supported by reliable evidence.

The DHO considered the reporting officer's documented report, photographs, the TRUSCOPE log showing prior searches of Rendleman's cell, and his defense. The DHO found that Rendleman's statements that the weapon was not his, that it must have been planted, or was there before he moved into the cell were not credible. As such, the record reflects that the DHO's decision was, at a minimum, supported by some evidence.

4

In support of his claim, Rendleman cites to the Seventh Circuit's opinion in *Austin v. Pazera*, 779 F.3d 437 (7th Cir. 2015). In *Austin*, the Seventh Circuit found the evidence insufficient to support a guilty finding for attempting to traffic tobacco where the Petitioner testified that he only worked construction in the location where the tobacco was found on a single day and that four other inmates also worked in the same location but none of them were questioned or charged for the tobacco. *Austin*, 779 F.3d at 438-39 (finding that the Petitioner was picked at random for punishment with limited evidence). Here, the weapon at issue was found in Rendleman's cell and was located in his locker. Although Rendleman contends that the weapon was actually located between the upper and lower locker (both of which were his), the testimony of the case manager who found the weapon noted that it fell out of the bottom locker when the door to the locker opened. (Doc. 1, p. 11). The DHO ultimately found the testimony of the case manager more credible than Rendleman's.

The evidence in Rendelman's case is much different from the evidence presented in *Austin* as there was evidence in the record to suggest that the weapon belonged to Rendleman. Accordingly, the Court finds that the imposition of discipline against Rendleman was supported by "some evidence."

### Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice**.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within the time allotted in Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be required

to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability in an appeal from this petition brought under Section 2241.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/1/2019**

*/s/ Staci M. Yandle*
**United States District Judge**